UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:10CR-107-H

UNITED STATES OF AMERICA                                                          PLAINTIFF

V.

SHANION M. THURMAN
JAMES L. ROBINSON                                                                 DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

The Government has made pretrial motions for the admissibility of certain recorded jailhouse telephone conversations and for the testimony of a confidential source. All of which is to be used against Defendants in this case. The Court referred the matter to the Magistrate Judge who has produced a comprehensive seventy-four (74) page report and recommendation addressing each matter at issue.

The charges against Thurman and Robinson are that they conspired to use or attempt to use force and threats against a potential witness (" G.S.") to prevent his testimony against Ricky Kelly in his murder trial. Thurman was an administrative assistant in the office of Kate Holmes, G.S.'s attorney. In that capacity she had access to many of his confidential attorney-client materials. Thurman resided with Robinson in a house at 525 Belgravia Court in Louisville. Moreover, Robinson was apparently a long-time friend of Kelly.

Two types of evidence are involved here: (1) sixteen (16) jailhouse phones between Kelly, an inmate at the Green River Correctional Complex and several other individuals on the outside, and (2) testimony of a cooperating witness ("C.S.") regarding conversations with Robinson while he was incarcerated in the Franklin County jail.

The Government did not object to the rulings against it. Both Thurman and Robinson did file objections. Thurman focused upon the Magistrate Judge's admission of the recorded statements in Exhibits 8 (A and B) and 12 because she would be unable to confront Robinson, the witness whose statements would be used against her. Robinson argues that the rulings are premature, that all 16 recorded statements are testimonial in nature and also makes other specific objection to particular recorded calls and jailhouse conversation testimony from C.S.

The Court has carefully reviewed the Magistrate Judge's recommendations and the objections to it. It is fair to say that these are reasonably nuance issues, the resolution of which could depend upon the credibility of other testimony and which rely upon foundations established by other witnesses. Consequently, at best, these rulings must be considered provisional pending actual testimony at trial. The Court does not mean to suggest that the rulings are likely to change, only that the underpinning of them rest upon the assumption about certain trial testimony. Thus, the Court would retain the right to refine and revise any rulings here as the trial approaches and proceeds.

Having said all this, the Court concludes that it agrees substantially with the Magistrate Judge's analysis and that no further comment is necessary or helpful. Therefore, the Court will adopt the Magistrate Judge's recommendations in full at this time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that the Magistrate Judge's report and recommendation is ADOPTED in full and that that report will guide the Court's admission of evidence at trial.

This _____ day of January, 2013.

                                                                                            _____
                                                                                            JOHN G. HEYBURN II
                                                                                           JUDGE, U.S. DISTRICT COURT

cc:     Counsel of Record
         Magistrate Judge Dave Whalin